**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EUGENE WASHINGTON MURPHY,**

    Plaintiff,

vs.                                              Case No. 4:09cv396-SPM/WCS

**ERIC HOLDER, et al.,**

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. At that time, Petitioner was housed at the Wakulla County Jail in Crawfordville, Florida, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). *Id.* Petitioner alleges that he has been in the custody of ICE for nearly four years, having first entered custody in March, 2006, and was ordered removed on July 20, 2006. Doc. 1, p. 2. He maintains that he is a United States citizen but has "cooperated fully with all efforts by ICE to remove [him] from the United States." *Id.*, at 3. He contends that the six-month period for removal as set in Zadvydas v.

y

Davis, 533 U.S. 678 (2001), has expired and his continued detention is unlawful. *Id.,* at 3-4.

Respondents filed an answer to the § 2241 petition asserting that Petitioner's custody is lawful as the six-month period of removal has been tolled by Petitioner's failure to cooperate. Doc. 12, p. 2. Respondents contend that Petitioner's removal is likely when Petitioner complies with requests to assist. *Id.,* at 8. Petitioner filed a reply, doc. 13, and reasserted that he was born in Bethel, North Carolina on September 5, 1940, and has a U.S. Passport.

After review of these documents, I entered an order on March 1, 2010, directing the parties to supplement the record. Doc. 15. I noted that Respondents' affidavit asserts Petitioner has Jamaican citizenship and was born in Jamaica, but Petitioner's affidavit contradicted that and asserts he was born in the United States and is a citizen of this country. Doc. 15. Rather than make a credibility determination based on the mere reading of two conflicting affidavits, the parties were required to produce documentary evidence to support the affidavits. *Id.*

On April 6, 2010, Respondents filed a response stating that this petition is now moot because Petitioner was released from detention on March 26, 2010. Doc. 18. Attached that the response is a copy of the Release Notification which states that Petitioner is being released to supervision pending his removal. Doc. 18-1. The Release Notification also provides an address for Petitioner in Tampa, Florida. *Id.,* at 6. This report and recommendation will be sent to Petitioner at that address, which is also the address provided in Respondents' certification of service, doc. 18, p.2.

Therefore, because Petitioner has been afforded the relief sought, release from detention, this § 2241 petition should now be dismissed as moot.

**ORDER**

Accordingly, it is **ORDERED** that the Clerk of Court shall forward this **ORDER and REPORT AND RECOMMENDATION** to Petitioner at 1905 Tallafferro Avenue, Tampa, Florida 33602, as well as to the Petitioner's address of record.

**REPORT AND RECOMMENDATION**

In light of the uncontested assertion by Respondents, and the release of Petitioner from detention, it is respectfully **RECOMMENDED** that the § 2241 petition filed by Petitioner Eugene Washington Murphy, Alien number A200-448-835 be **DISMISSED as moot** since it appears he has been released from detention.

**IN CHAMBERS** at Tallahassee, Florida, on April 13, 2010.

     <u>s/ William C. Sherrill, Jr.</u>
     **WILLIAM C. SHERRILL, JR.**
     **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**